**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT WILLIE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ESTATE OF JERRY AULT, et al.,<br><br>Defendants. | CIVIL ACTION NO. 4:26-CV-00937<br><br>(MEHALCHICK, J.) |

**ORDER**

Before the Court is a report and recommendation issued by Chief Magistrate Judge Daryl F. Bloom recommending that the Court reopen this matter pursuant to Federal Rules of Civil Procedure Rule 60(b), permitting the plaintiff to file an application for leave to proceed *in forma pauperis* and an amended complaint within 21 days of the reopening of this matter. (Doc. 7, at 3). This action was initiated by *pro se* plaintiff Robert Willie Johnson ("Johnson") on April 7, 2026. (Doc. 1). On April 16, 2026, Judge Bloom entered a 30-day administrative order instructing Johnson to either pay the $405.00 filing fee to the Clerk of Court or file a completed application for leave to proceed *in forma pauperis*. (Doc. 4, at 1). In the administrative order, Judge Bloom informed Johnson that a failure to comply with the terms of the order would lead to a dismissal of the case without prejudice. (Doc. 4, at 1). On May 28, 2026, the Court dismissed this action because Johnson failed to comply with the terms of the administrative order. (Doc. 5).

On July 14, 2026, Johnson filed a motion to reopen the case alleging that he gave pertinent documents to "an officer Ford at the prison for filing, but that the officer never took any action with respect to his documents." (Doc. 7, at 2). On July 15, 2026, Judge Bloom

entered the instant report and recommendation. (Doc. 7). On August 17, 2026, Johnson filed a motion to add to pre-existing complaints and included an application for leave to proceed *in forma pauperis*. (Doc. 8). In the report and recommendation, Judge Bloom concluded that reopening Johnson's case is warranted under Federal Rules of Civil Procedure Rule 60(b)(6). (Doc. 7, at 3). Judge Bloom informed the parties that they had fourteen days to file an objection to the report and recommendation. (Doc. 7, at 2). There are no objections to the report and recommendation as of the date of this Order. Having reviewed the reasoning of the report and recommendation and relevant law, the Court will **ADOPT** the report and recommendation in its entirety. (Doc. 7).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (*quoting* 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a de novo review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (*citing United v.*

*Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in Judge Bloom's report and recommendation and finds no clear error on the face of the record. (Doc. 7). **NOW, THEREFORE, IT IS HEREBY ORDERED THAT** the report and recommendation of Judge Bloom (Doc. 7) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. Johnson's motion to add to pre-existing complaints (Doc. 8) is **GRANTED**. Johnson is directed to file a single comprehensive amended complaint containing all claims against all defendants within 21 days of this order, on or before **Tuesday, October 20, 2026**. The Clerk of Court is instructed to provide Johnson with the proper application for leave to proceed *in forma pauperis*. A failure to file an amended complaint within 21 days of this order or complete the proper application for leave to proceed *in forma pauperis* may lead to the dismissal of this case. This matter is remanded to Chief Magistrate Judge Bloom for further pretrial proceedings.

**DATE: September 29, 2026**

**BY THE COURT:**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**